IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK HAZELTINE,

    Plaintiff,

vs.

TUOLUMNE COUNTY BOARD OF SUPERVISORS, et al.al.,

    Defendants.

CV F 04 6712 REC REC WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a state civil detainee proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint. Plaintiff, an civil detaineee in the custody of the California Department of Corrections at Atascadero State Hospital, brings this civil rights action against defendant Tuolumne County Board of Supervisors and various officials employed by the County of Tuloumne at the Tuolomne County Jail.

Plaintiff claims that, while housed at the Tulare County Jail, he was subjected to numerous instances of unconstitutional conditions of confinement.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.

1  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).     In order to state a claim under § 1983, a
2  plaintiff must allege that: (1) a person was acting under color of state law at the time the
3  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
4  privileges or immunities secured by the Constitution or laws of the United States.  Paratt
5  v.Taylor, 451 U.S. 527, 535 (1981).
6          The statute plainly requires that there be an actual connection or link between the
7  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
8  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
9  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
10 constitutional right, within the meaning of section 1983, if he does an affirmative act,
11 participates in another's affirmative acts or omits to perform an act which he is legally required
12 to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d
13 740, 743 (9th Cir. 1978).
14          Plaintiff lists several individuals as defendants.  Plaintiff does not, however,
15 allege specific facts that link each defendant to specific conduct by that defendant.  Plaintiff
16 simply names defendants, then recites the conditions of confinement to which he was subjected.
17 In order to hold individual defendants liable, plaintiff must allege specific facts as to each
18 defendant, showing how that defendant engaged in conduct that deprived plaintiff of a protected
19 interest.
20          Further, plaintiff has not alleged facts indicating that through its omissions
21 Tuolumne  County should be held responsible for the constitutional violation of its employees.
22 See Gibson v. County of Washoe, 290 F.3d 1175, 1185-86 (9th Cir. 2002) (outlining "two routes"
23 under which a plaintiff can successfully hold a county liable for inflicting a constitutional injury-
24 by showing that the county itself violated a right or directed an employee to do so, or, in "limited
25 situtations." by showing that the county's deliberate indifference led to an omission in its
26

1  policies that caused an employee to violate a right).

2  As to the supervisory defendants, liability may be imposed on supervisory
3  defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of
4  constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent
5  them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045
6  (9th Cir. 1989).

7  The court finds the allegations in plaintiff's complaint vague and conclusory.
8  The court has determined that the complaint does not contain a short and plain statement as
9  required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy,
10  a complaint must give fair notice and state the elements of the claim plainly and succinctly.
11  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege
12  with at least some degree of particularity overt acts which defendants engaged in that support
13  plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ.
14  P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an
15  amended complaint.

16  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
17  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
18  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
19  how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
20  there is some affirmative link or connection between a defendant's actions and the claimed
21  deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
22  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
24  order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
25  amended complaint be complete in itself without reference to any prior pleading. This is

26

because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   May 23, 2005**              **/s/  William M. Wunderlich**
mmkd34                                 UNITED STATES MAGISTRATE JUDGE

4