| | | |
|---|---|---|
| 1 | | |
| 2 | IN THE UNITED STATES DISTRICT COURT | |
| 3 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |

RICK HAZELTINE,

    Plaintiff,                       1:04 CV 6712 OWW LJO PC

    vs.                                  FINDING AND RECOMMENDATION

TUOLUMNE COUNTY BOARD OF
SUPERVISORS, et al.al.,

    Defendants.

        Plaintiff is a state civil detainee proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the first amended complaint, filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

        . Plaintiff, an civil detaineee in the custody of the California Department of Corrections at Atascadero State Hospital, brings this civil rights action against defendant Tuolumne County Board of Supervisors and various officials employed by the County of Tuloumne at the Tuolomne County Jail. Plaintiff claims that, while housed at the Tulare County Jail, he was subjected to numerous instances of unconstitutional conditions of confinement. Plaintiff's specific claims are that he was unlawfully housed in the Tuolumne County Jail as a civil detainee, and that he was subjected to unconstitutional conditions of confinement.

**Civil Detention**

"[C]ivilly detained persons must be afforded 'more considerate treatment and conditions of confinement that criminals whose conditions of confinement are designed to punish.'" Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007) (quoting Youngberg v. Romeo, 457 U.S. 307, 322 (1982)). "It follows logically, then, that the rights afforded prisoners set a floor for those that must be afforded [civil detainees]." Id. (discussing the rights afforded to persons civilly detained as sexually violent predators).

In Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), the court noted that punitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve an alternative, non-punitive purpose but are nonetheless excessive in relation to the alternative purpose, Demery v. Arpaiao, 378 F.3d 2010, 1029 (9th Cir. 2004)(quoting Bell v. Wolfish, 441 U.S. 520 (1979), or are employed to achieve objectives that could be accomplished in so many alternative and less harsh methods, Hallstrom City of Garden City, 991 F.2d 1473, 1484 (9th Cir. 1993)(quoting Bell, 441 U.S. at 539 n. 20. Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility. Id.

Though Plaintiff alleges that he was a civil detainee, he also references his status as a state prisoner en-route. Plaintiff was housed at the Tuolumne County Jail from July 1999 to December 1999, for fourteen days in November of 2001, and 60-90 days in 2004. Plaintiff claims that defendants are liable because Plaintiff was housed at the county jail facility. Plaintiff has not alleged specific facts that satisfy the above standard. Further, he has not charged any specific individual defendant with conduct that indicates that the individual subjected Plaintiff to punitive conditions. In the order dismissing the original complaint, Plaintiff was advised that in order to hold an individual defendant liable, he must charge that specific individual with conduct that deprived him of a protected interest. He has failed to do so here.

Because Plaintiff has not cured the defects identified in the original compalint, the court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 21, 2009**              _____/s/  **William M. Wunderlich**_____
                                       UNITED STATES MAGISTRATE JUDGE