# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK A. HAZELTINE,<br><br>Plaintiff,<br><br>v.<br><br>TOULUMNE COUNTY BOARD OF SUPERVISORS, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:04-cv-06712-LJO-YNP PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION<br><br>(Doc. 11) |

Plaintiff Rick A. Hazeltine ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at Coalinga State Hospital in Coalinga, California. However, Plaintiff's complaint concerns events that occurred when Plaintiff was housed in Tuolumne County Jail.

On May 21, 2009, a findings and recommendation was entered recommending that this action be dismissed for failure to state a claim upon which relief can be granted. (Doc. #11.) Plaintiff filed objections to the findings and recommendation on June 10, 2009. (Doc. #13.) A pro se litigant bringing a civil rights suit in forma pauperis is entitled to have an opportunity to amend his complaint and cure any deficiencies in it before his/her lawsuit is dismissed, unless it is clear that the deficiencies cannot be overcome by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (1987).

Here, Plaintiff was given one opportunity to amend his complaint. On May 24, 2005, the Court screened the original complaint in this action. (Doc. #4.) Plaintiff was told that he failed to allege specific facts that linked each individual Defendant to any specific conduct. (Order

Dismissing Complaint with Leave to Amend 2:14-15.) Plaintiff was also told that his complaint was vague, conclusory, and failed to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that he provide a "short and plain" statement of his claim.

Plaintiff filed an amended complaint on June 13, 2005. (Doc. #6.) The Court's May 21, 2009 findings and recommendation followed. In the findings and recommendation, the Court found that Plaintiff failed to state a claim under section 1983. However, the Court failed to provide Plaintiff with any detailed information regarding the substantive deficiencies in his claims.

Upon review of Plaintiff's amended complaint, the Court finds that any deficiencies in the amended complaint may be cured by further leave to amend. Specifically, neither the Court's first screening order nor the findings and recommendation specifically address Plaintiff's allegations that he was physically assaulted by Defendants Carroll, Giannini and Lackey. (First Am. Compl. 4:22-5:22.) Further, the Court finds that Plaintiff's allegations regarding Tuolumne County Jail's unhygienic conditions, the periods in administrative segregation, the lack of exercise, being forced to live in a cell with lights illuminated 24/7, being unable to exercise his religion, and other miscellaneous allegations may be sufficient to state a claim under section 1983 if given the proper legal standards and further leave to amend.

The Court notes that Plaintiff has again failed to provide detailed allegations regarding any individual Defendant's specific conduct. Other than Plaintiff's relatively vague and undetailed allegation that Defendants Carroll, Giannini and Lackey physically assaulted him, Plaintiff's complaint largely consists of allegations about how the conditions at Tuolumne County Jail amounted to punitive conditions in violation of the Constitution. Plaintiff attributes the conditions collectively to Defendants without providing specific and individualized allegations about what each Defendant did or failed to do to cause the alleged conditions. However, to the extent that Plaintiff's failure to provide individualized allegations about how each Defendant caused the conditions complained of is fatal to his section 1983 claims, Plaintiff may be able to cure those deficiencies if Plaintiff is provided with further leave to amend and more specific instructions regarding the deficiencies in his complaint and the relevant legal standards. Therefore, it is inappropriate at this time to dismiss this action.

1 | The Court will vacate its findings and recommendation recommending dismissal. Plaintiff's amended complaint will be screened pursuant to 28 U.S.C. § 1915A at a later date. If the Court determines that Plaintiff's amended complaint fails to state any claims, the Court will provide Plaintiff with leave to amend and the appropriate legal standards for stating a claim.

Accordingly, it is HEREBY ORDERED that the Court's May 21, 2009 findings and recommendation is VACATED.

IT IS SO ORDERED.

Dated: **February 24, 2010**    /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE