1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9    RICK A. HAZELTINE,                              CASE NO. 1:04-cv-06712-LJO-YNP PC

10                        Plaintiff,                  ORDER VACATING FINDINGS AND
                                                      RECOMMENDATION
11           v.
                                                      (Doc. 11)
12   TOULUMNE   COUNTY   BOARD   OF
     SUPERVISORS, et al.,
13
                         Defendants.
14
     _____/
15

16          Plaintiff Rick A. Hazeltine ("Plaintiff") is a civil detainee proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently housed at

18   Coalinga State Hospital in Coalinga, California.  However, Plaintiff's complaint concerns events that

19   occurred when Plaintiff was housed in Tuolumne County Jail.

20          On May 21, 2009, a findings and recommendation was entered recommending that this action

21   be dismissed for failure to state a claim upon which relief can be granted.  (Doc. #11.)  Plaintiff filed

22   objections to the findings and recommendation on June 10, 2009.  (Doc. #13.)  A pro se litigant

23   bringing a civil rights suit in forma pauperis is entitled to have an opportunity to amend his

24   complaint and cure any deficiencies in it before his/her lawsuit is dismissed, unless it is clear that

25   the deficiencies cannot be overcome by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (1987).

26          Here, Plaintiff was given one opportunity to amend his complaint.  On May 24, 2005, the

27   Court screened the original complaint in this action.  (Doc. #4.)  Plaintiff was told that he failed to

28   allege specific facts that linked each individual Defendant to any specific conduct.  (Order

1

1    Dismissing Complaint with Leave to Amend 2:14-15.) Plaintiff was also told that his complaint was

2    vague, conclusory, and failed to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement

3    that he provide a "short and plain" statement of his claim.

4            Plaintiff filed an amended complaint on June 13, 2005. (Doc. #6.)  The Court's May 21,

5    2009 findings and recommendation followed.  In the findings and recommendation, the Court found

6    that Plaintiff failed to state a claim under section 1983.  However, the Court failed to provide

7    Plaintiff with any detailed information regarding the substantive deficiencies in his claims.

8            Upon review of Plaintiff's amended complaint, the Court finds that any deficiencies in the

9    amended complaint may be cured by further leave to amend.  Specifically, neither the Court's first

10   screening order nor the findings and recommendation specifically address Plaintiff's allegations that

11   he was physically assaulted by Defendants Carroll, Giannini and Lackey. (First Am. Compl. 4:22-

12   5:22.)  Further, the Court finds that Plaintiff's allegations regarding Tuolumne County Jail's

13   unhygienic conditions, the periods in administrative segregation, the lack of exercise, being forced

14   to live in a cell with lights illuminated 24/7, being unable to exercise his religion, and other

15   miscellaneous allegations may be sufficient to state a claim under section 1983 if given the proper

16   legal standards and further leave to amend.

17           The Court notes that Plaintiff has again failed to provide detailed allegations regarding any

18   individual Defendant's specific conduct.  Other than Plaintiff's relatively vague and undetailed

19   allegation that Defendants Carroll, Giannini and Lackey physically assaulted him, Plaintiff's

20   complaint largely consists of allegations about how the conditions at Tuolumne County Jail

21   amounted to punitive conditions in violation of the Constitution.  Plaintiff attributes the conditions

22   collectively to Defendants without providing specific and individualized allegations about what each

23   Defendant did or failed to do to cause the alleged conditions.  However, to the extent that Plaintiff's

24   failure to provide individualized allegations about how each Defendant caused the conditions

25   complained of is fatal to his section 1983 claims, Plaintiff may be able to cure those deficiencies if

26   Plaintiff is provided with further leave to amend and more specific instructions regarding the

27   deficiencies in his complaint and the relevant legal standards.  Therefore, it is inappropriate at this

28   time to dismiss this action.

1    The Court will vacate its findings and recommendation recommending dismissal. Plaintiff's

2  amended complaint will be screened pursuant to 28 U.S.C. § 1915A at a later date.  If the Court

3  determines that Plaintiff's amended complaint fails to state any claims, the Court will provide

4  Plaintiff with leave to amend and the appropriate legal standards for stating a claim.

5    Accordingly, it is HEREBY ORDERED that the Court's May 21, 2009 findings and

6  recommendation is VACATED.

7

8  IT IS SO ORDERED.

9  **Dated:    February 24, 2010**                        /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28