IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK A. HAZELTINE,<br><br>      Plaintiff,<br><br>    vs.<br><br>TUOLUMNE COUNTY BOARD<br>OF SUPERVISORS, et al.,<br><br>      Defendants.<br>_____/ | Case No. 1:04-cv-06712 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE |

      Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed August 31, 2010, the Court directed Plaintiff to, within thirty days, either file an amended complaint curing the deficiencies identified by the Court in its screening order or notify the Court that he wished to proceed only against Defendants Carroll, Giannini, and Lackey for the alleged use of excessive force in violation of the Fourteenth Amendment. Plaintiff was warned that his failure to comply with the Court's order would result in a recommendation that his action be dismissed. (Doc. 16) The thirty-day period expired, and Plaintiff failed to respond to the Court's order.

      On November 30, 2010, the Court issued an order (Doc. 18) directing Plaintiff, within twenty-one days, to show cause why this action should not be dismissed for his failure to prosecute. See Fed. R. Civ. P. 41(b). Once again, the Court advised Plaintiff that if he wished to proceed with the action, he must either file an amended complaint curing the deficiencies identified by the Court

in its August 31, 2010 screening order or notify the Court that he wished to proceed only on the claims found cognizable by the Court in its screening order. Plaintiff was firmly cautioned, once again, that his failure to comply with the Court's order would result in a recommendation that this action be dismissed. (Doc. 18 at 2) Nevertheless, the twenty-one day period has expired and again Plaintiff has failed to respond to the Court's order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including where appropriate . . . dismissal of the case." Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

With respect to the first two factors – the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket – the Court finds these factors indicate that dismissal is appropriate and warranted. The case has been pending for more than six years. Now when it is

ready to proceed, Plaintiff has absented himself from the process and refuses to take the necessary steps to prosecute his claims.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). In part due to the Court's crushing case load, this matter has been pending since 2004. However, for more than a year, this Court has turned its attention to Plaintiff's case and, by all accounts, Plaintiff has abandoned his responsibility to this matter. The Court has attempted to prompt Plaintiff into action with its orders, most notably its Order to Show Cause. (Doc. 18) However, Plaintiff has failed to respond to those orders in any fashion. Under these facts, the Court finds Plaintiff's delay in prosecution of this action is unreasonable.

Alternatives, less drastic than dismissal, do not appear to be realistic. Because Plaintiff is proceeding *in forma pauperis*, monetary sanctions are not a viable option. Likewise, given the history of this case, the Court has little confidence that another warning or further admonitions would result in Plaintiff taking action. The Court has already warned Plaintiff that his failure to respond would result in the dismissal of this action[1] but they have not spurred Plaintiff into action. (Docs. 16, 18). In fact, Plaintiff has failed to have any contact with the Court whatsoever. The Court finds that, under the circumstances of the present case, there is no reasonable alternative to dismissal.

The Court recognizes that public policy favors disposition of cases on the merits and has factored this consideration into its decision. However, securing a disposition on the merits in this case will likely come only at a price that substantially compromises the public's interest in expeditious resolution of this litigation, the Court's interest in managing its docket and Defendant's interest in a legal process free from unreasonable delay. Consequently, the Court finds that this factor – public policy favoring disposition on the merits – is greatly outweighed by the other factors favoring dismissal of this action.

---

[1] The Court's warning to a party that his failure to obey the Court's order is sufficient to satisfy the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.

1      Accordingly, it is HEREBY RECOMMENDED that this action be dismissed without
2 prejudice for Plaintiff's failure to prosecute.

3      These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the
5 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
6 twenty-one days after being served with these findings and recommendations, Plaintiff may file
7 written objections with the Court.  Such a document should be captioned "Objections to Magistrate
8 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within
9 the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
10 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.
13 Dated:  **January 5, 2011**　　　　　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE